UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

ELISHA TORRES,

                Petitioner,

  -against-

R. WOODS, Superintendent,

                Respondent.
---------------------------------------------------------------- X

04 CV 5560 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

The pro se petitioner Elisha Torres ("Torres" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 17, 2004, contending that: (1) he was denied his due process right to a fair trial by the trial judge's refusal to suppress his identification; and (2) he was denied his due process right to a fair and impartial jury by the trial judge's denial of counsel's challenge for cause during voir dire. By order dated June 24, 2005, the court denied Torres's petition. By papers dated July 4, 2005, petitioner moves for reconsideration pursuant to Fed. R. Civ. P. 60(b). For the reasons stated in its June 24, 2005 order, as well as for the reasons stated below, the court denies petitioner's motion.

Petitioner first contends that he was denied his due process right to a fair trial by the trial judge's refusal to excuse a prospective juror for cause. As recounted in the court's previous order, the prospective juror initially indicated that she could use her experience and judgment to determine whether a person was telling the truth. Transcript at 510. In response to defense counsel's voir dire, however, the prospective juror indicated that she thought

1

"sometime" that a person who swears to tell the truth must tell the truth. Id. at 541-42. Thereafter, in response to further, less abstract, questions from defense counsel, the prospective juror indicated individually that a police officer could lie under oath and indicated with the other prospective jurors that a civilian witness could be mistaken as to his testimony, exaggerate, or lie. Id. at 544-45. As previously recounted, defense counsel had exhausted her peremptory challenges, and the trial judge, failing to recall that the prospective juror had indicated "that a person who takes the oath would tell the truth," denied defense counsel's challenge for cause. Id. at 558. The prospective juror was among those empaneled.

Notwithstanding petitioner's contentions that the prospective juror, in her latter two responses, was "merely echoing two other jurors who had just responded" and that her responses had "the ring of a 'hollow incantation,'" the court sees no reason to reach a conclusion different from that in its previous order. As the Supreme Court has indicated, the question is whether "there is fair support in the record for the state courts' conclusion that the jurors here would be impartial." Patton v. Yount, 467 U.S. 1025, 1038 (1984). While the record indicates a lapse of recollection on the trial judge's part, the court, having reviewed the transcript in toto and considered the entirety of the prospective juror's responses, concludes that the juror's latter responses to defense counsel's specific questions sufficiently clarified that she was prepared to make credibility determinations of witnesses testifying under oath.

Petitioner next claims that his identification through a pre-trial lineup procedure was unduly suggestive and that there are insufficient indicia that the witnesses' identifications of petitioner were independently reliable. With respect to the witness Bobby Voulgarakis, there is no question but that the factors indicating the reliability of his identification outweigh the

2

corrupting effect of any suggestiveness in the lineup. Raheem v. Kelly, 257 F.3d 122, 135 (2d Cir. 2001). Voulgarakis testified that he knew petitioner and had seen him on a number of occasions when they attended the same high school. Tr. at 619-20, 648. Voulgarakis further testified that he spoke with petitioner briefly before watching him, at a distance of five to six feet, commit the robbery. Id. at 621-23.

The court's previous opinion also considered the witness Kevin Mayers's opportunity to view the perpetrator at the time of the crime, his degree of attention, the accuracy of his prior description of the perpetrator, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation, determining that these factors indicated that Mayers's identification of petitioner was sufficiently reliable to outweigh any suggestiveness in the pre-trial lineup. Mayers conversed briefly with petitioner in a bus terminal at approximately 9:10 a.m. before petitioner robbed him. Id. at 661-62. Mayers's description of petitioner was sufficient to enable police officers to apprehend him, and the record does not reveal that Mayers was ever uncertain about his identification, either when he identified petitioner from the lineup conducted the day following the robberies or at trial. Consistent with its previous order, the court concludes that habeas relief is not warranted on this claim.

## CONCLUSION

For the foregoing reasons, the court denies petitioner's motion for reconsideration. As the court previously indicated, no certificate of appealability is granted, since the petitioner failed to make a substantial showing of a denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

3

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/s/ Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: July 20, 2005
      Brooklyn, New York

SERVICE LIST:

    <u>Petitioner *Pro Se*</u>
    Elisha Torres
    00R4672
    Upstate Correctional Facility
    P.O. 2000/309 Barehill Road
    Malone, NY 12953

    <u>Attorney for Respondent</u>
    Traci R. Wilkerson
    Queens County District Attorney's Office
    125-01 Queens Blvd.
    Kew Gardens, NY 11415-1568